UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                    No. 06 CR 00017-LTS

CHARLES BRYANT,

       Defendant.

-------------------------------------------------------x

## Order

      Mr. Bryant has moved for an order correcting his sentence pursuant to Federal Rule of Criminal Procedure 35(a). (Docket Entry No. 135.) The Court has thoroughly reviewed and considered the arguments made by both parties,[1] and for the following reasons, denies Mr. Bryant's motion.

      Rule 35(a) provides that, within "14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This rule "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." U.S. v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995) (citing Fed. R. Crim. P.35 Advisory Committee's Note.) It is "not intended to afford the court the opportunity to… simply change its mind about the appropriateness of the sentence." Id.

      Mr. Bryant argues that the Court, in imposing the sentence, failed to consider "the need for the sentence imposed… to provide the defendant with needed medical care… in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Mr. Bryant notes that defense counsel

---

[1] The Court has considered docket entry numbers 135, 137, and 139.

argued to the Court that Mr. Bryant is "turning 55 next week" and that it is "likely the coronavirus will be rearing its ugly head in the prison system." (Docket Entry No. 135, at 9.) Mr. Bryant argues that the Court did not address this argument and therefore must have failed to consider § 3553(a)(2)(D).

The Court is required to consider the factors and sentencing goals described in 18 U.S.C. section 3553(a), and impose a sentence that is sufficient but not greater than necessary to comply with those purposes. See U.S. v. Booker, 543 U.S. 220 (2005). "After settling on the appropriate sentence, [the Court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. U.S., 552 U.S. 38, 50 (2007). However, the Second Circuit has "imposed no… requirement that a sentencing judge precisely identify either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the applicable Guidelines range." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007) (emphasis in original).

Here, the Court was presented with Mr. Bryant's argument that anything other than a sentence of time served would not effectively serve his medical needs because continued incarceration might expose him, at the age of 55, to the coronavirus. (Docket Entry No. 135, Ex. A, at 18.) The Court carefully considered this argument, as it did all other arguments made by counsel, in fashioning a sentence that was sufficient but not greater than necessary to achieve the sentencing goals described in 18 U.S.C. section 3553(a). The Court stated, explicitly, that it had considered all of the statutory factors, which include § 3553(a)(2)(D), in light of the facts presented by Mr. Bryant and the government, including Mr. Bryant's age. (Id. at 25:10-12,

26:1.) The Court was not required to mention specifically every statutory factor or every argument made by counsel at sentencing. Fernandez, 443 F.3d at 29.

Accordingly, the Court did not overlook or fail to consider any of the required section 3553(a) factors, nor did it fail to consider Mr. Bryant's argument that incarceration would "needlessly" expose him to risk of infection. (Docket Entry No. 135, at 10.) The Court determined that, in light of the factual record and the statutory sentencing goals, there remained a continued need for incarceration. (Docket Entry No. 135, Ex. A, at 30:3-4.) The Court is sympathetic to the concerns of Mr. Bryant, and indeed the country, as the risks posed by the coronavirus become ever more realized. However, because there was no "arithmetic, technical, or clear error" in the imposition of Mr. Bryant's sentence, Rule 35(a) cannot properly be invoked to address those concerns. The motion is denied.

Docket Entry No. 135 is resolved.

SO ORDERED.

Dated: New York, New York
March 24, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge