UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                          No. 06 CR 00017-LTS

CHARLES BRYANT,

        Defendant.

--------------------------------------------------------x

<u>ORDER</u>

Mr. Bryant has moved for release under provisions of the Bail Reform Act, 18 U.S.C. § 3143(b) ("section 3143(b)") and 3145(c) ("section 3145(c)"), pending appeal of the Court's March 13, 2020, order imposing a reduced sentence pursuant to section 404 of the First Step Act (Docket Entry No. 134). (Docket Entry No. 142.) The Court has thoroughly reviewed and considered the arguments made by both parties[1] and, for the following reasons, denies Mr. Bryant's motion.

Mr. Bryant argues that he should be ordered released from custody pursuant to 18 U.S.C. § 3145(c). That statute provision provides, in relevant part, that a "person subject to detention pursuant to [18 U.S.C.] section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C.] section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Due to his conviction for a drug offense carrying a maximum sentence of ten years or more, Mr. Bryant is subject to mandatory detention pursuant to 18 U.S.C. 3143(b)(2). (Docket Entry No. 142, at

---

[1]     The Court has considered docket entry numbers 142, 144, and 145.

2.)  "Thus, section 3143(b)(1) supplies the threshold requirements" that Mr. Bryant must meet. U.S. v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

Accordingly, to warrant release, Mr. Bryant must show (1) by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) his "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," 18 U.S.C. § 3143(b)(1), and that (3) "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

As to the second requirement, Mr. Bryant contends only that the question of law raised on appeal is likely to result in reversal.[2]  Specifically, Mr. Bryant argues that a favorable determination of his appeal, which challenges the Court's determination that it was required to apply the pre-First Step Act "felony drug offense" enhancement when imposing a reduced sentence pursuant to section 404 of the First Step Act, would result in a remand to this Court for resentencing as if section 401(a) of the First Step Act, which repealed the "felony drug offense" enhancement, applied to eliminate that enhancement.  While acknowledging that the Court imposed a reduced sentence well below the advisory sentencing guideline range that would apply if Mr. Bryant's case were remanded for resentencing (and well above both the mandatory minimum sentence that would apply under Mr. Bryant's reading of the law and the mandatory minimum that the Court determined was applicable), Mr. Bryant argues that an outcome that

---

[2]     Mr. Bryant does not argue that the question raised on appeal could satisfy the other avenues for relief described by section 3143(b)(1)(B).  (Docket Entry No. 145, at 10 n.2.)

would result in a change in the applicable advisory guideline would be a reversal sufficient to satisfy section 3142(b)(1). [3]

However, the possibility that the appeals court might reverse this Court's decision on that narrow issue of sentencing, which does not affect the merits of Mr. Bryant's conviction or suggest a necessary or likely imposition of a further reduced sentence, is not the type of reversal that has been held sufficient to meet the requirements for release under section 3143(b)(1). Mr. Bryant has not cited, and the Court's research has not uncovered, any case in which a court in the Second Circuit has interpreted the likelihood of reversal requirement of section 3143(b)(1)(B)(i) to refer to a reversal that would not undermine the legal or factual basis for Defendant's continued incarceration. To the contrary, the Second Circuit has focused courts on questions on appeal which could result in a determination that confinement was not warranted or justified. In U.S. v. Randell, the Second Circuit held that the question on appeal must be "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding will result in a reversal of the conviction or a new trial." 761 F.2d 122, 125 (2d Cir. 1985) (emphasis added); see also DiSomma, 951 F.2d at 497 (affirming release pending appeal upon district court's finding that the "threshold criteria" were satisfied where a favorable determination on appeal would mean "not only that [the Defendant] should not have been detained, but that he should not have been convicted"); U.S. v. Percoco, No. 16-CR-776 (VEC), 2019 WL 493962, at *4 (S.D.N.Y. Feb. 8, 2019) ("the defendant must show that the question, if resolved in his favor, would result in reversal 'on all of the counts' for which he has been

---

[3]     After the Court considered thoroughly all of the factors under 18 U.S.C. section 3553(a), it reduced Mr. Bryant's custodial sentence to 216 months, well below the Guidelines range of 360 months to life and above the mandatory minimum statutory sentence of ten years. (Docket Entry No. 134.) If Mr. Bryant were to prevail on appeal, the advisory Guidelines range would be from 262 to 327 months of imprisonment.

sentenced to a term of imprisonment") (citation omitted). The statute's concern with substantial

questions going to circumstances that could result in wrongful or unduly prolonged incarceration

is reflected in the DiSomma court's observation that the defendant in that case would have been

"confined unjustly if he prevails on appeal" (DiSomma, 951 F.2d at 498) and the focus of the

other factors (new trial, non-custodial sentence, and sentence of less than time served plus time

for prosecution of appeal) on substantial appellate issues that could affect the underlying

conviction or make a material difference in the fact or length of confinement. Mr. Bryant has not

shown that his appeal could lead to any such result and therefore has not satisfied the "threshold

requirements" of section 3143(b), which are a predicate to relief under section 3145(c).

DiSomma, 951 F.2d at 496. Accordingly, Mr. Bryant's motion for bail pending appeal is

denied.[4]

This order resolves Docket Entry No. 142.

SO ORDERED.

Dated: New York, New York
        April 2, 2020

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge

---

[4] Because the Court has denied Mr. Bryant's motion for failure to demonstrate that the question on appeal is likely to result in a reversal which could satisfy section 3143(b), the Court declines to address Mr. Bryant's arguments that he does not pose a risk of flight or danger to the safety of the community, or that Covid-19 presents "exceptional reasons why [the continued] detention [of a 55 year-old with no identified serious underlying health conditions] would not be appropriate." 18 U.S.C. § 3145(c).