UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                            No.  06 CR 00017-LTS

CHARLES BRYANT,

        Defendant.

-------------------------------------------------------x

## ORDER

Mr. Bryant has renewed his motion for release under provisions of the Bail Reform Act, 18 U.S.C. § 3143(b) ("section 3143(b)") and 3145(c) ("section 3145(c)"), pending his appeal of the Court's March 13, 2020, order imposing a reduced sentence pursuant to section 404 of the First Step Act (Docket Entry No. 134).  (Docket Entry No. 153.)  In his appeal, Mr. Bryant argues that the Court erred in determining that a prior felony enhancement provision that was repealed by a separate provision of the First Step Act applied in computing the mandatory minimum sentence.  The Court has thoroughly reviewed and considered the arguments made by both parties[1] and, for the following reasons, denies Mr. Bryant's motion.

Mr. Bryant argues that he should be ordered released from custody pursuant to section 3145(c). Section 3145(c) provides, in relevant part, that a "person subject to detention pursuant to [18 U.S.C.] section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C.] section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C.S. § 3145(c) (LexisNexis 2008).

---

[1] The Court has considered Docket Entry numbers 153, 155, and 156.

Due to his conviction for a drug offense carrying a maximum sentence of ten years or more, Mr. Bryant is subject to mandatory detention pursuant to 18 U.S.C. 3143(b)(2).  "Thus, section 3143(b)(1) supplies the threshold requirements" that Mr. Bryant must meet.  U.S. v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

Accordingly, to warrant release, Mr. Bryant must show (1) by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) his "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," 18 U.S.C.S. § 3143(b)(1) (LexisNexis 2008), and that (3) "there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C.S. § 3145(c) (LexisNexis 2008).

As to the second requirement, Mr. Bryant contends only that his appeal satisfies section 3143(b)(1)(B)(iv): that the question of law raised on appeal is likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[2]  Specifically, Mr. Bryant argues that a favorable determination of his appeal would result in a remand to this Court for resentencing as if section 401(a) of the First Step Act, which repealed the "felony drug offense" enhancement, applied to eliminate that enhancement.  Without that enhancement, Mr. Bryant's sentencing guidelines

---

[2]  The Court previously rejected Mr. Bryant's argument that his appeal satisfied section 3143(b)(1)(B)(i), which required his appeal to present the possibility of reversal.  (Docket Entry No. 147.)  Mr. Bryant does not argue that the question raised on appeal could satisfy either of the other two avenues for relief that are delineated by section 3143(b)(1)(B).

range and statutory minimum term of incarceration would be reduced.³  Mr. Bryant argues that, upon remand, the Court would likely exercise its discretion to resentence him to a further reduced sentence in light of the newly applicable guidelines range, the current COVID-19 pandemic, and the Bureau of Prisons' response to the pandemic at the MDC where Mr. Bryant is currently held.  (Docket Entry No. 153, at 7-8.)

This is Mr. Bryant's second application for bail pending resolution of his appeal.  In the previous motion, he did not invoke section 3143(b)(1)(B)(iv).  In this renewed motion, Mr. Bryant argues that the circumstances of his incarceration and the risks presented by COVID-19 have "drastically changed" since the resentencing and the denial of his original application for bail pending appeal.  (Docket Entry No. 153, at 7.)  Mr. Bryant's argument that the Court would be likely to impose a further reduced sentence upon remand relies substantially upon the assumption that the changed circumstances presented by COVID-19 would lead the Court to make a different discretionary sentencing decision.  His invocation of this element of the statute under these circumstances is, however, inconsistent with the plain language of the provision, which applies where an appellant can show that the appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C.S. § 3143(b)(1)(B)(iv) (LexisNexis 2008).  Mr. Bryant's bail application presents no such nexus between the grounds on which he has appealed and the factors that he projects would lead to the

---

³  After the Court considered thoroughly all of the factors under 18 U.S.C. section 3553(a), it reduced Mr. Bryant's custodial sentence to 216 months, well below the Guidelines range of 360 months to life and above the mandatory minimum statutory sentence of ten years.  (Docket Entry No. 134.)  If Mr. Bryant were to prevail on appeal, the advisory Guidelines range would be from 262 to 327 months of imprisonment and the minimum statutory sentence would be five years.

imposition of a shorter sentence.  Indeed, his appeal does not raise COVID-19 as a ground for relief at all.  His application here relies on the possibility of discretionary relief on the basis of changed circumstances independent of the claimed legal error.  This use of the statutory provision is inconsistent with both its language and purpose.  As the Court stated in its April 2, 2020, order, section 3143(b)(1)(B) is focused on preventing the continued incarceration of defendants during the pendency of their appeal when their appeal could result in a determination that confinement was not warranted or justified.  (See Docket Entry No. 147, at 3.)  The statutory provision is intended to authorize release of a defendant who would have been "confined unjustly if he prevails on appeal."  DiSomma, 951 F.2d at 498.  The provision thus is not constructed to take account of changed circumstances that are extraneous to the merits of the appeal itself.  Accordingly, developments in Mr. Bryant's circumstances of confinement due to COVID-19 that are unrelated to the merits of his appeal cannot be used to meet his burden of demonstrating that success on appeal is likely to result, within the plain meaning of section 3143(b)(1)(B)(iv), in a further reduced sentence.

Additionally, Mr. Bryant has not met his burden of demonstrating that the Court would be likely to exercise its discretion to impose a further reduced sentence after he prevailed on appeal.  The newly applicable guidelines range if he prevails would be lower than the range the Court has applied in his previous sentencings but would remain substantially higher than the reduced sentence from which Mr. Bryant now appeals.  Mr. Bryant's argument that the appeal would result in an even shorter sentence relies principally upon speculation about how the Court would exercise its discretion in light of the existence of the pandemic and counsel's theory as to

how the Court arrived at the sentence that it imposed in early March.[4]  Such speculation about how the Court will exercise its discretion based on factors unrelated to the merits of Mr. Bryant's appeal is insufficient to carry his burden of demonstrating that the Court would be likely to impose a further reduced sentence.[5]

        For the reasons stated above, Mr. Bryant's motion is denied in its entirety.

        This order resolves Docket Entry No. 153.

SO ORDERED.

Dated: New York, New York
       May 13, 2020

                                                      _/s/ Laura Taylor Swain___
                                                      LAURA TAYLOR SWAIN
                                                      United States District Judge

---

[4]  Specifically, Mr. Bryant asserts that the Court imposed a sentence of 216 months because it felt a further reduction would be too great a downward departure from the guidelines range of 360 months to life, and seeks to extrapolate proportionately from the new sentencing range in forecasting how the Court might exercise its discretion in resentencing.  (Docket Entry No. 153, at 8.)

[5]  Because the Court has denied Mr. Bryant's motion for failure to demonstrate that the question on appeal is likely to result in a further reduced sentence which could satisfy section 3143(b)(1)(B)(iv), the Court declines to address Mr. Bryant's arguments that he does not pose a risk of flight or danger to the safety of the community, or that COVID-19 presents "exceptional reasons why [the continued] detention [of a 55 year-old with no identified serious underlying health conditions] would not be appropriate." 18 U.S.C.S. § 3145(c) (LexisNexis 2008).