UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                               No.  06 CR 00017-LTS

CHARLES BRYANT,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

In his letter dated December 14, 2020, (Docket Entry No. 158), Mr. Bryant requests that the Court reconsider its response to his April 14, 2020, request for release from custody due to the COVID-19 pandemic.  (Docket Entry No. 152.)  Because Mr. Bryant was represented by counsel at the time of his April 14, 2020, request, the Court's April 27, 2020, order to which Mr. Bryant refers did not construe his request as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Instead the Court directed Mr. Bryant to contact his attorney, see id., after which time defense counsel filed a Second Motion for Bond pending Mr. Bryant's appeal.  (Docket Entry No. 153.)  The Court denied that motion on May 13, 2020.  (Docket Entry No. 157.)

Mr. Bryant argues that a sentence reduction is warranted based on new evidence, and proffers facts related to the recent spread of COVID-19 within the MDC and the BOP's response to the pandemic within that facility.  (Docket Entry No. 158.)  The Court construes Mr. Bryant's letter both as a motion for reconsideration of the Court's May 13, 2020, Order denying bail pending appeal, and as a motion for a reduced sentence pursuant to 18 U.S.C. § 3583(c)(1)(A).  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (requiring courts to construe pro se pleadings liberally.)  For the following reasons, both motions are denied in their entirety.

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).  Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted).  To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Here, Mr. Bryant has not met his burden.  He proffers new evidence of the spread of COVID-19 at the MDC.  (See Docket Entry No. 158.)  However, bail pending appeal is only warranted where a defendant shows (1) by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) his "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," 18 U.S.C.S. § 3143(b)(1) (LexisNexis 2008), and that (3) "there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C.S. § 3145(c) (LexisNexis 2008).  The Court denied Mr. Bryant's second motion for bail pending appeal because he did not demonstrate a nexus between the COVID-19 pandemic and the argued likelihood that he would receive a shorter sentence.  (Docket Entry No. 157.)  The Court held that evidence of COVID-19 in the detention facility was not pertinent to

the governing legal standard, and this deficiency is not remedied by the proffer of further evidence of the spread of COVID-19 in the MDC.  Id.  Accordingly, Mr. Bryant's motion for reconsideration is denied.

A motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) requires the defendant to exhaust his administrative remedies.  That statute provides that the Court may reduce the term of imprisonment upon a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-179).  Mr. Bryant does not proffer that he has fully exhausted his administrative remedies or that he submitted a request for compassionate release to the warden of the MDC at least 30 days ago.  Accordingly, Mr. Bryant's motion for compassionate release is denied, but without prejudice to any future application upon a showing that he has exhausted his administrative remedies as required by 18 U.S.C. section 3582(c)(1)(A).

A copy of this order will be mailed to Mr. Bryant by Chambers.

SO ORDERED.

Dated: New York, New York
January 4, 2021

  /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN
United States District Judge

Mailed to:   Charles Bryant, #53349-054
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11231