UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                        No.  06-CR-17-LTS

CHARLES BRYANT,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

The Court has received and reviewed Mr. Bryant's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (Docket Entry No. 162), the parties' subsequent briefing (Docket Entry Nos. 166 and 168), and five letters from Mr. Bryant himself.  (Docket Entry Nos. 164, 165, 169-171.)  Mr. Bryant seeks a reduction of his sentence to time served and release to a residential reentry center.  (Docket Entry No. 162.)

On March 11, 2020, the Court entered an order reducing Mr. Bryant's sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018), from 300 months to 216 months imprisonment to be followed by eight years of supervised release. (Docket Entry No. 134.)  On March 25, 2020, Mr. Bryant appealed from the sentence imposed by that order.  An appeal "divests the district court of its control over those aspects of the case involved in the appeal."  U.S. v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989).  Accordingly, this Court lacks authority to modify Mr. Bryant's sentence during the pendency of the appeal.

Where the Court lacks authority to consider a motion because of a pending appeal, Federal Rule of Criminal Procedure 37(a) authorizes the Court to (1) defer considering the motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of

appeals remands for that purpose or that the motion raises a substantial issue." This Memorandum Order denying the motion is therefore authorized pursuant to Fed. R. Crim. P. 37(a).

Mr. Bryant makes his application for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-179).[1] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Section 3553(a) directs that the Court

---

[1] Mr. Bryant has exhausted his administrative remedies. On January 13, 2021, Mr. Bryant sent a letter to the warden of MDC requesting compassionate release, which the warden denied on January 15, 2021. (Docket Entry No. 164.) Accordingly, 30 days have lapsed since receipt by the Warden of Mr. Bryant's request for compassionate release,

> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-163).  As reflected in the transcript, the Court considered these factors at Mr. Bryant's resentencing hearing on March 11, 2020.  (Docket Entry No. 148, ("ReSent. Tr.").)  Several of these factors remain unchanged.  The nature and circumstances of his offense remain very serious, as Mr. Bryant conspired to distribute and possess, and did distribute and possess, a substantial amount of crack cocaine.  (Id., at 25:14-21.)  Mr. Bryant's significant criminal record also necessarily remains unchanged.  (Id., at 25:22-25.)

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction, Mr. Bryant argues that three circumstances have changed since the Court resentenced him: (1) the risk of infection and serious complications posed by the COVID-19 virus, (2) the unanticipated increase in the severity of his conditions of confinement due to pandemic-response measures at the MDC, and (3) the relatively short remaining period of time he is projected to remain in custody, taking into account good time credit.

First, Mr. Bryant argues that his age of 55 years subjects him to an increased risk of infection and serious complications from the COVID-19 virus.  (Docket Entry No. 162, at 6.)  Mr. Bryant further argues that the MDC has not been able to manage the risks posed by COVID-19.  (Id. at 4.)  However, as Mr. Bryant concedes, his age does not place him in the highest risk category (Docket Entry No. 162, at 6), and he does not have any underlying medical conditions that

increase the risk of severe illness.  See Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited 2/23/21).  The Court recognizes that the risk of infection and complications resulting from COVID-19 increases with age.  Id.  However, the increased risk does not differentiate Mr. Bryant from other inmates who are within his age group or are older.  Furthermore, the MDC has taken steps to mitigate the risk posed by COVID-19, most notably by offering inmates a vaccine.  Mr. Bryant refused the vaccine during the pendency of this motion because he has "no knowledge of the vaccine and the side effects" and "it is not a smart thing to put something into my arm and body [when I am] not sick."  (Docket Entry No. 171.)[2]  Defense counsel argues that Mr. Bryant's decision to refuse the vaccine is not a reason to deny compassionate release because, even if Mr. Bryant receives the vaccine, he will remain susceptible to infection for a period of days or weeks until the second shot is administered.  (Docket Entry No. 168, at 4.)  However, Mr. Bryant's refusal to accept a risk-mitigating measure, even one with a period of delay in its efficacy, is relevant to whether the risk of infection he faces in the MDC is extraordinary and militates against finding that the degree of risk compels release.  Because Mr. Bryant does not have any underlying health conditions and is not among the highest risk age groups, the risk of infection and serious complications posed by COVID-19 does not, standing alone, present an extraordinary and compelling reason for a sentence reduction, particularly where he has refused to take available steps to mitigate that risk.

        Second, Mr. Bryant argues that the conditions of his confinement are more severe than the Court anticipated in fashioning his sentence.  Specifically, Mr. Bryant argues that (a) the restrictions imposed by the facility in response to the pandemic have made custody, and

---

[2]     Defense counsel submitted the reply memorandum before the Court received Mr. Bryant's letter explaining his refusal.  (Docket Entry No. 168, at 4.)  Defense counsel offers alternative reasons why Mr. Bryant may have refused the vaccine.  In light of Mr. Bryant's explanation, the Court declines to address counsel's proffer.

therefore his punishment, more harsh, (b) he experiences heightened anxiety proportional to his heightened risk of infection and complications from the COVID-19 virus, which is greater than that of younger inmates, and (c) the MDC cannot provide reentry preparation services during the pandemic, which Mr. Bryant argues was a core factor in the Court's sentencing calculus.  The Court has previously recognized that the restrictions imposed in response to the COVID-19 pandemic have increased the severity of custodial punishment.  See, e.g., U.S. v. Brooks, No. 11-CR-206 (LTS), Docket Entry No. 48 (S.D.N.Y. Nov. 24, 2020).  The Court takes this into account in assessing whether Mr. Bryant's current sentence serves properly to advance the goals of just punishment, adequate deterrence, and promotion of respect for the law.  Similarly, the Court takes into account the mental toll the pandemic has imposed on Mr. Bryant.  Again however, these factors are not unique to Mr. Bryant and do not militate strongly in favor of finding there are extraordinary and compelling reasons for a sentence reduction.

      Mr. Bryant argues that the "most 'extraordinary and compelling'" reason for compassionate release is that the pandemic and the MDC's response have resulted in "the total frustration of the Court's reason" for imposing his current sentence.  (Docket Entry Nos. 162, at 6; 168, at 5.)  In imposing the sentence, the Court stated that a "time-served sentence is not appropriate.  But [216 months] gives you a likelihood of a relatively short further period in custody to prepare yourself – continue to prepare yourself for reentry."  (ReSent Tr. 29:25-30:6.)  Because reentry programming is not available at the MDC due to pandemic response measures, Mr. Bryant argues that "there is no longer any reason for Mr. Bryant's incarceration."  (Docket Entry No. 162) (emphasis added).  However, the Court imposed Mr. Bryant's sentence after considering all of the section 3553(a) factors, and did not base its decision entirely, or even primarily, on the need for programming to prepare Mr. Bryant for reentry into the community.

Mr. Bryant's case is distinguishable from the Court's decision in U.S. v. Reyes, No. 19-CR-66 (LTS), 2021 WL 22717 (S.D.N.Y. Jan. 4, 2021) on which the defense relies.  In Reyes, the Court (1) explicitly recommended at sentencing that Mr. Reyes be given the opportunity to participate in RDAP during his time in custody, (2) found at sentencing that the need for mental health and substance abuse treatment was a determinative factor in imposing the sentence in that case, and (3) found, in granting compassionate release, that those services were unlikely to become available at the MDC before his projected release date, which was three months away.  In resentencing Mr. Bryant, (1) the Court did not articulate any specific programming expectations in fashioning the sentence, (2) the Court found that the need to impress upon Mr. Bryant the need for rehabilitation had largely been served at the time of resentencing (ReSent Tr. 28:17-18), and (3) Mr. Bryant's projected May 2022, release date is not so imminent such that it is unlikely that reentry services will become available prior to his release.  The Court did not impose a sentence longer than time served primarily to provide Mr. Bryant with reentry programming; the sentence imposed was sufficient but not greater than necessary to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.  While the Court also expected that Mr. Bryant would engage in reflective self-preparation and demonstrate further good behavior in anticipation of his release, the present unavailability of reentry programming at the MDC does not mean that Mr. Bryant's sentence now "serves no just purpose" (Docket Entry No. 168, at 4), and so does not establish an extraordinary and compelling reason for a sentence reduction.

Finally, Mr. Bryant argues that an extraordinary and compelling reason for a sentence reduction exists because he has served 15 years of his 216-month sentence and his projected release date is less than 15 months away.  (Docket Entry No. 162, at 7.)  In reducing

but not terminating Mr. Bryant's original sentence, the Court purposely imposed the additional period of custody that Mr. Bryant has yet to serve. The fact that it is a relatively short period of custody does not, standing alone, establish an extraordinary and compelling reason for modifying that additional period to impose a sentence of time served. Unlike in the case of Mr. Reyes, the purpose of Mr. Bryant's remaining custodial sentence has not been entirely frustrated by the pandemic. Accordingly, the relative brevity of his remaining period of incarceration does not warrant compassionate release.

Mr. Bryant's motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is denied pursuant to Federal Rule of Criminal Procedure 73(a)(2) for the reasons set forth above.

This order resolves Docket Entry Number 162.

SO ORDERED.

Dated: New York, New York
February 24, 2021

                                                                                         ___/s/ Laura Taylor Swain___
                                                                                         LAURA TAYLOR SWAIN
                                                                                         United States District Judge