UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                         No. 06 CR 00017-LTS

CHARLES BRYANT,

        Defendant.

-------------------------------------------------------x

## Order

On June 30, 2022, the Supreme Court of the United States vacated the Second Circuit's March 26, 2021, opinion affirming this Court's March 13, 2020, order granting Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The Supreme Court remanded the case to the Second Circuit "for further consideration in light of Concepcion v. United States, 597 U.S. ---, 142 S. Ct. 2389, --- L.Ed.2d --- (2022)."  Bryant v. United States, No. 21-5480, 2022 WL 2347605 (June 30, 2022).  On remand, the Second Circuit recalled its mandate, reinstated the case, and remanded the case to this Court "for its consideration of whether, in light of Concepcion, [Mr.] Bryant's sentence should be further revised."  (Docket entry nos. 176, 179.)   In response, the Court directed the Defendant and the Government to file submissions, and the issue is now fully briefed.  (See docket entry no. 180 ("Bryant Ltr."); docket entry no. 181 ("Gov't Ltr."); and docket entry no. 182 ("Bryant Reply").)

In Defendant's letter to the Court, Defendant requested that the Court "(1) reduce Mr. Bryant's term of supervised release to 4 years; (2) make his sentence concurrent with a prior New York State sentence; (3) strike the condition of supervised release requiring residence in a halfway house; and (4) strike the $2,000 fine."  (Bryant Ltr. at 1.)  In response, the Government

argued that "[n]one of [Mr.] Bryant's requests compel further revision of his sentence" as the Court "correctly understood the scope of its discretion prior to Concepcion" and his second, third, and fourth requests are "outside the scope of the Second Circuit's remand order" because he "never raised them in prior proceedings in this case." (Gov't Ltr. at 5.) On reply, Mr. Bryant withdrew his first request to reduce his term of supervised release, stating that "he intends to move the Court at a later date to terminate his supervision" (Bryant Reply at 3) but argued that the three other requested modifications should be granted because the Concepcion decision states that a "court adjudicating a motion under the First Step Act may consider . . . changes of fact." (Id. at 4 (quoting Concepcion, 142 S. Ct. 2389, 2396 (2022).)

The Court has reviewed carefully the Concepcion decision and finds that the Court properly exercised its authority and discretion, consistent with both the letter and the spirit of Concepcion, to "consider[] the arguments before it" in ruling on Mr. Bryant's motion for a reduction of his sentence pursuant to section 404(b) of the First Step Act of 2018, ("the FSA") Pub. L. No. 115-391, 132 Stat. 5194 (2018)), including consideration of "intervening changes of law or fact." Concepcion, 142 S. Ct. at 2404-2405. The Court reviewed multiple submissions from the parties, determined that Mr. Bryant was eligible for consideration of a reduced sentence pursuant to section 404(b) of the FSA, and held a sentence modification hearing on March 11, 2020. (See docket entry no. 133.) At the sentencing modification hearing, the Court heard from both sides, including arguments on the applicability of Section 401 of the FSA, which restricted and reduced penalty enhancements under 21 U.S.C. section 841 for certain persons with prior felony offenses, to Mr. Bryant's case (see docket entry no. 148 ("Mar. 2020 Resent. Tr.") at 6-9), as well as arguments on how the law relating to penalty enhancements has evolved (id. at 14, 17, 21), and whether Mr. Bryant's behavior during his period of incarceration warranted a reduced

sentence (id. at 14-17, 21-22, 23-24).  In reaching its decision, the Court "consider[ed] carefully the full range of 3553(a) sentencing factors and goals and all of the facts that have been before [the Court] in light of those factors and goals" (id. at 25). The facts considered included "Mr. Bryant's behavior while incarcerated" and his "dedication to improving himself to become a productive law-abiding citizen[,]" which the Court found "lessened" the "need for specific deterrence" (id. at 26-28), and the fact that "[t]he law has changed since Mr. Bryant was originally sentenced" (id. at 28-29).  The Court also explained that it had "reviewed carefully the parties' supplemental submissions on [the] issue" of whether a "penalty enhancement" "continues to apply" and "listened carefully to counsel's additional remarks" made at the hearing.  The Court explained carefully its rationale for its decision to "take into account the felony drug offense enhancement provision that was in effect for violations of [21 U.S.C. section 841(b)(1)(B)] at the time that Mr. Bryant committed his offenses."  (Id. at 9-11; see also docket entry no. 133 (Amended Memorandum Opinion and Order explaining court's findings regarding applicability of enhancement).)  Thus, unlike the district court in Concepcion, which "declined to consider . . . arguments that intervening changes of law and fact supported his motion[,]" Concepcion, 142 S. Ct. at 2396, this Court properly "demonstrate[d] that it . . . considered the arguments before it" in connection with Defendant's motion pursuant to the FSA.  Id. at 2404-2405; see id. (explaining that the Court need not "accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction" nor "make a point-by-point rebuttal of the parties' arguments" but merely must "consider" the "nonfrivolous arguments raised by the parties before it[.]").

The Court therefore concludes that further revision of Mr. Bryant's sentence is unnecessary based on the Supreme Court's holding in Concepcion and declines to reduce Mr.

Bryant's term of supervised release, noting also that the request has been withdrawn by counsel.[1] The Court will now address each of Mr. Bryant's other requests in turn, considering the spirit of Concepcion, which emphasized "the established tradition of district courts' sentencing discretion" to consider intervening changes of law and fact.  Concepcion, 142 S. Ct. at 2400-2401.  First, with respect to Mr. Bryant's request that his term of supervised release "be made concurrent" with the term of "New York State parole supervision" to which he is currently subject, the Court recognizes that, pursuant to 18 U.S.C. section 3624(e), a "term of supervised release . . . runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release."  (Westlaw P.L. through 117-179.)  Therefore, the term of supervised release imposed in this case runs concurrently with the period of state supervision imposed in connection with the "NY Parole Violation incurred under warrant #610842."  (See Bryant Ltr. at 3.)

        Second, regarding Mr. Bryant's request to strike the condition of supervised release requiring him to reside at a residential reentry center for one year after his release from custody, the Court recognizes that such condition was imposed to ensure that Mr. Bryant had a "place . . . to live in" with "reentry support" upon his release.  (Mar. 2020 Resent. Tr. at 20.)  In imposing the special condition, the Court directed that "[a]t any time after the first 30 days of residence, the probation officer may apply for a reduction of the length of the special condition based on [his] behavior on supervision and/or [his] acquisition of another residence approved by

---

[1] The Court further notes that Mr. Bryant is subject to an eight-year mandatory minimum term of supervised release pursuant to 21 U.S.C. section 841(b)(1)(B).  Therefore, the Court would not be authorized to reduce Mr. Bryant's term of supervised release to four years because an eight-year term is required by statute.

the probation office." (Id. at 30.)  In connection with the instant request, Mr. Bryant proffered an email message from his probation officer voicing his position that "no extra time is needed at the [residential reentry center]" because Mr. Bryant is "living in a stable residence with his mother, daughter and nephew" and has secured stable employment.  (Bryant Ltr., Ex. A.)  Recognizing that the purposes underlying the special condition have been served, the Court hereby grants Mr. Bryant's request to strike the condition of supervised release requiring him to reside at a residential reentry center for one year after his release.

Third, the Court denies Mr. Bryant's request to strike the $2,000 fine imposed as part of his sentence.  Contrary to Defendant's description of the Court's rationale (see Bryant Ltr. at 4), the Court determined that imposition of a fine would be appropriate in this case based on "the seriousness of the offense" in addition to its potential ability to "mak[e] it more likely that Mr. Bryant would have better compensated and more meaningful work while in custody . . . ."  (Id., Ex. E.)

Therefore, for the foregoing reasons, the Court determines that it properly exercised its authority and discretion, pursuant to the Concepcion decision, in deciding to grant Mr. Bryant's motion for modification of his sentence in its March 2020 order.  The Court declines to modify the length of the term of supervised release imposed on Mr. Bryant and also denies Mr. Bryant's request to strike the fine imposed as part of his sentence.  The Court does, however, consistent with the letter and spirit of Concepcion, grant Mr. Bryant's requests for a declaration that his term of supervised release runs concurrent to his term of New York state

parole and to strike the special condition of his supervision requiring Mr. Bryant to reside for one year at a residential reentry center.

      SO ORDERED.

Dated: New York, New York
       October 11, 2022

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge